UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21093-CIV-KING

JOHN AND BARBARA JAFFE,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,

    Defendant and Counter Claimant,

FOSHAN POLY MARINE ENGINEERING, CO.
LTD., JOHN JAFFE, BARBARA JAFFE,
AGRICULTURAL BANK OF CHINA,
BANK OF AMERICA, N.A.

    Third Party Counter Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon several motions for summary judgment filed by Agricultural Bank of China, filed January 15 and 16, 2008, respectively (D.E. #s 138 and 150), and Defendant Bank of America filed January 15, 2008 (D.E. #145).

### Procedural History

Plaintiffs' original Complaint and Emergency Motion for Temporary Restraining Order (D.E. #3), filed on April 24, 2007, sought injunctive relief enjoining Bank of America from honoring a Letter of Credit upon presentment by any person or entity. The Court promptly set the motion for a preliminary injunction evidentiary hearing which was

held as scheduled on May 3, 2007.

Only Plaintiffs John and Barbara Jaffe and Defendant Bank of America appeared for the hearing where the sworn testimony of Plaintiff John Jaffe was taken, exhibits were received in evidence, and all parties present were heard on oral arguments and briefs (D.E. #12).

Defendants FoShan Poly Marine Engineering, Co. and Agricultural Bank of China did not attend the Emergency Hearing, offer any evidence, or file an appearance, although notice had been given to each Defendant by the Defendant Bank of America (see D.E. #8).

After the Court entered a Temporary Injunction and Order to Show Cause (D.E. #13), the defaulting Defendants finally appeared on June 1, 2007 via an Emergency Motion to Intervene and to vacate the preliminary injunction filed by Defendant Agricultural Bank of China (see D.E. #19). [1]

The Court granted Defendant Agricultural Bank of China's Motion to Intervene (D.E. #38) and reserved ruling on its motion to vacate pending an evidentiary hearing on the motion.

On July 18, 2007, the Court held a second preliminary injunction hearing, giving

---

[1] A letter addressed to the Court was sent by Defendant FoShan Marine Poly Engineering, Co. The writing of letters to judges concerning matters or cases pending before a presiding judge is prohibited by S.D.Fla.L.R.7.7, and the letter was therefore stricken.

Defendants another opportunity to come into the litigation and meet the issues raised by Plaintiffs: that the transaction was a fraud and the contracted for boat was never built or delivered. After reviewing the briefs submitted by the parties and hearing oral arguments, the Court continued the Injunctive Order of May 4, 2007 (D.E. #13) in full force and effect. The Court ordered injunction bond was set at $150,000.00, and was posted by Plaintiffs on July 24, 2007. Defendant Agricultural Bank of China filed its Answer on August 7, 2007.

On September 11, 2007, Defendant Agricultural Bank of China filed a motion to vacate, styled as "Memorandum of Law to Oppose the Continuation of the Preliminary Injunction" (D.E. #81). Instead of addressing the matter at issue for purposes of the preliminary injunction, Defendant Agricultural Bank of China's Memorandum relies on interpretations of banking regulations, leaving the status of the record to be uncontradicted on this point. It did not address the primary issue raised by Plaintiffs namely, that the entire transaction was a fraudulent scam and the boat in question was never built. Because one of the primary grounds for entering the preliminary injunction was Plaintiffs' uncontradicted proof of Plaintiffs' serious allegations of fraud, and since nothing in the record changed, the preliminary injunction remained in full force and effect.

The motions to dismiss of Defendant Agricultural Bank of China (D.E. #77) and Defendant Bank of America (D.E. #78) were filed August 31, 2007. Plaintiffs responded

on October 5, 2007. On November 15, 2007, the Court denied both motions (D.E. #98). In its order, the Court noted that both Defendants avoided addressing the matters raised by Plaintiffs, and that a dismissal of the case was improper.

On January 15, 2008, both Defendants filed motions for summary judgment (D.E. #s 138 & 145). Plaintiffs responded to the motions on February 4, 2008, and February 6, 2008, respectively (D.E. #s 166 & 173). Defendant Agricultural Bank of China replied on February 14, 2008, and Defendant Bank of America replied on February 22, 2008.

## Legal Standard

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue of fact is material if it is a legal element of the claim or defense under the applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). However, issues of fact are genuine only if a reasonable jury considering the evidence presented could find for the non-moving party. *Id.* The non-moving party may not defeat a properly supported motion by resting upon the "mere existence of some alleged factual dispute between the parties." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2547, 2553 (1986). If the non-moving party fails to present substantial evidence of pretext or to make a sufficient showing of a disputed material issue of fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552.

Discussion

A review of the record indicates that there are genuine issues of material fact remaining as to (1) whether Defendant ABC made an intentional fraudulent certification to draw down on the Jaffe letter of credit regarding the FoShan Yacht building contract, (2) whether Defendant ABC engaged in a civil conspiracy and/or was unjustly enriched, (3) whether Defendant Bank of America breached a fiduciary duty, (4) whether Defendant Bank of America is guilty of negligent misrepresentation, and (5) the extent to which Defendant Bank of America might be indemnified regarding the letter of credit.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that the Defendant Agricultural Bank of China's Motions for Summary Judgment **(D.E. #s 138 and 150)** be, and the same are hereby, **DENIED**. It is further

ORDERED and ADJUDGED that the Defendant Bank of America's Motion for Summary Judgment **(D.E. # 145)** be, and the same is hereby, **DENIED.**

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 6th day of March, 2008.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **_Counsel for Plaintiffs_**
Michael T. Moore
Moore & Company
355 Alhambra Circle
Suite 1100
Coral Gables, FL 33114

**_Counsel for Defendants_**

James Randolph Liebler
Liebler Gonzalez & Portuondo PA
44 W Flagler Street
25th Floor
Miami, FL 33130-4329

Jaclyn Dana Goldstein
Hodgson Russ
1801 N Military Trail
Suite 200
Boca Raton, FL 33431

Jacqueline Meyer
Hodgson Russ LLP
60 E 42nd Street
New York, NY 10165

Mark A. Harmon
Hodgson Russ LLP
60 E 42nd Street
New York, NY 10165

S. Robert Schrager
Hodgson Russ LLP
60 E 42nd Street
New York, NY 10165