IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-CV-21093-KING

JOHN and BARBARA JAFFE,

    Plaintiffs,

vs.

BANK OF AMERICA, N.A. and
AGRICULTURAL BANK OF CHINA,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR ATTORNEYS' FEES & COSTS AND GRANTING MOTION FOR JUDGMENT ON INJUNCTION BOND

THIS CAUSE comes before the Court upon defendant Bank of America's ("BoA") Verified Motion for Award of Attorneys' Fees, Costs and Expenses (DE #285), and defendant Agricultural Bank of China's ("ABC") Motion for Judgment on Injunction Bond (DE #293). Plaintiffs have responded to BoA's motion (DE #310, 316), and BoA has replied (DE #314, 320). No response has been filed to ABC's motion. After a careful review of the parties' arguments and attached affidavits and for the reasons detailed below, the Court determines that both BoA's and ABC's motions should be **GRANTED**.

I.    **Background**

The procedural history of this case is fully set forth in the Court's Findings of Fact and Conclusion of Law (DE #274). To summarize briefly, this action commenced over two years ago on April 24, 2007 (DE #1). Plaintiffs sought a Temporary Restraining Order and Injunctive Relief against a single Defendant, Bank of America, N.A. (BoA). Plaintiffs sought an immediate

1

emergency hearing to enjoin BoA from paying an irrevocable standby letter of credit in the amount of $6,030,500.00 to either FoShan Polymarine Engineering Co., Ltd. (FoShan), a Chinese yacht construction company or to the Agricultural Bank of China (ABC). The Court issued a preliminary injunction and required Plaintiffs to post an injunction bond in the amount of $150,000. Eventually, as reflected in the Amended Complaint (DE #73), Plaintiffs sought injunctive relief against BoA, and asserted several other counts against BoA and ABC, including breach of fiduciary duty, equitable estoppel, negligent misrepresentation, fraud, unjust enrichment, and civil conspiracy. After a bench trial, the Court found that Plaintiffs had not proven by a preponderance of evidence the allegations in their Complaint, vacated the preliminary injunction, and entered a final judgment in favor of both defendants on all of Plaintiffs' claims (DE #274, 275). BoA now seeks an award of attorneys' fees and costs, and ABC seeks a judgment pursuant to the terms of the posted injunction bond.

## II.  BoA's Entitlement to Fees

Because the Court entered a final judgment in favor of all defendants, BoA is a prevailing party in this action. Plaintiffs do not dispute this. Accordingly, BoA claims it is entitled to attorneys' fees from two separate sources: under the Florida Uniform Commercial Code (UCC), and under the terms of the contract between BoA and Plaintiffs that governed the letter of credit agreement.

As to the first source, the Florida UCC, under Florida Statute § 675.111(5), provides: "Reasonable attorney's fees and other expenses of litigation must be awarded to the prevailing party in an action in which a remedy is sought under this chapter." The official comments to the UCC clarify the breadth of this mandatory fee provision:

> The court must award attorney's fees to the prevailing party, whether that party is an applicant, a beneficiary, an issuer, a nominated person, or adviser. . . .

2

> Subsection (e) authorizes attorney's fees in all actions where a remedy is sought 'under this article.' It applies even when the remedy might be an injunction under Section 5-109 or when the claimed remedy is otherwise outside of Section 5-111. Fla. Stat. § 675.111(5), cmt. 6.

BoA notes that Plaintiffs sought an injunction to prevent BoA from paying ABC under the letter of credit, which is a remedy specifically authorized under Florida Statute 675.109(2). BoA further notes that the term "action" is defined broadly by the UCC: "Action, in the sense of a judicial proceeding, includes recoupment, counterclaim, setoff, suit in equity, and any other proceedings in which rights are determined." Fla. Stat. 671.201(1). Thus, BoA claims it is entitled to attorneys' fees under this statute.

In response, Plaintiffs argue that they did not actually seek an injunction against BoA, but rather against ABC. They further argue that this statute only entitles BoA to attorneys' fees for work performed up until Plaintiffs filed their Amended Complaint, because at that point BoA attorneys were no longer defending an action for injunctive relief against BoA. Neither argument is persuasive, as Plaintiffs' representation of the record is simply incorrect. Plaintiffs' first complaint stated: "This is an action for injunctive relief pursuant to § 675.109(2), Florida Statutes." (DE #1). Similarly, Plaintiffs' Amended Complaint contains an identical statement (DE #73, ¶ 65). Thus, Plaintiffs sought, even in their Amended Complaint, an injunction to prevent BoA from paying under the letter of credit. Moreover, because the issuer of a letter of credit (like BoA here) cannot refuse to honor a facially conforming request for payment except in limited circumstances such as fraud, proving that ABC committed fraud in the procurement of the letter of credit would have supported Plaintiffs' request for an injunction under chapter 679. In fact, the entire purpose of the litigation was to prove that ABC or BoA unlawfully procured the letter of credit so that Plaintiffs could obtain an injunction precluding BoA from honoring

3

ABC's request for payment. Thus, because this was an action in which a remedy was sought under chapter 675 (i.e., an injunction against paying under a letter of credit), reasonable attorneys' fees and the expenses of litigation must be awarding to the prevailing party.

BoA also argues that it is entitled to attorneys' fees pursuant to the terms of the Application and Agreement for Standby Letter of Credit ("Application"), which was executed by Plaintiffs and BoA in connection with the issuance of the letter of credit. Section B.4(a)(ii) of the Application provides:

> Applicant will indemnify and hold Bank of America harmless from and against . . . all costs and expenses (including reasonable attorneys' fees and allocated costs of in-house counsel and legal expenses) of all claims or legal proceedings arising out of the issuance by Bank of America of the Letter of Credit or incident to the collection of amounts owed by Applicant hereunder or the enforcement of the rights of Bank of America hereunder, including, without limitation, legal proceedings related to any court order, injunction, or other process or decree restraining or seeking to restrain Bank of America from paying any amount under the Letter of Credit.

Thus, BoA claims that this provision entitles it to attorneys' fees because this was a legal proceeding seeking to restrain BoA from paying any amount under the letter of credit.

In response, Plaintiffs do not dispute that they signed the Application. Rather, they argue that the copy of the Application that they signed did not contain the page with the above provision for attorneys' fees. However, this argument is belied by the record. In the Joint Revised Pretrial Stipulation, in the section entitled "Uncontested Facts," both parties stipulated that "[p]laintiffs executed an Application and Agreement for Standby Letter of Credit, and are bound by its terms." (DE # 248, p. 7, ¶33). Both parties are bound by this stipulation. *See Randolph County v. Alabama Power Co.*, 784 F.2d 1067, 1072 (11th Cir. 1986) ("Rule 16(e) of the Federal Rules of Civil Procedure provides that a pretrial order controls the subsequent action of the litigation. The parties are bound by their agreement to so limit issues and may not

introduce at trial issues excluded in the pretrial order."). Moreover, the entire Application, with the page containing the attorneys' fees provision, was marked and admitted into evidence at trial as BoA's Exhibit No. 19, without objection from Plaintiffs. In fact, Mr. Jaffe himself identified the exhibit as the Application while on the stand. *See* June 29 Tr. 183:13-25. Thus, the Application was validly executed by both parties, contains a valid provision for attorneys' fees, and entitles BoA to attorneys' fees in this case.

### III. The Reasonableness of the Amount of Fees

Having determined that BoA is entitled to attorneys' fees, the Court now turns to the reasonableness of the amount of fees claimed by BoA. Plaintiffs, despite being given numerous opportunities to respond, have not contested the reasonableness of BoA's claim for fees, but have persisted in their argument that BoA is not entitled to fees. Nonetheless, the Court will proceed with an analysis of this issue.

The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" may then be adjusted for the results obtained. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See id.* The Court is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to the reasonableness of the fee request. *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

Thus, the Court must first determine whether the hourly rate charged is reasonable. BoA

was represented by two law firms at two different times. The firm of Liebler, Gonzalez, & Portuondo, P.A., represented BoA from the inception of this case (in approximately May 2007) until April 30, 2009, at which point the firm of Homer Bonner, P.A., assumed the representation. At the Liebler firm, J. Randolph Liebler billed at $250 and $285 per hour, Christopher M. Drury billed at $200 and $225 per hour,[1] and Alexander Lian billed at $230 per hour. At Homer Bonner, Peter W. Homer billed at $375 per hour, Gregory J. Trask billed at $275 per hour, Rayda Masdeu billed at $150 per hour, and two law clerks were billed at $125 per hour. The Court has reviewed the affidavit of Kevin P. Jacobs, who states that he is an experienced attorney in this area, that he is familiar with hourly rates typically charged for this type of work, that he is familiar with the reputation and experience of the attorneys claiming fees, and that it is his opinion that the hourly rates charged are reasonable (DE #285-1). The Court has also reviewed the other supporting documents submitted by BoA (*See* DE #285 & 286 and their attachments). Plaintiffs have not submitted any affidavits, nor have they attempted to rebut this testimony in any way. Moreover, the Court's own knowledge of the hourly rates charged by similarly-experienced attorneys in this area supports the reasonableness of the hourly rates. Thus, the Courts finds that the hourly rates charged by BoA's attorneys are reasonable.

Next, the Court must determine whether the number of hours expended is reasonable. The Liebler firm claims approximately 1,172.95 hours for litigation that spanned from May 2007 to April 2009, and Homer Bonner claims approximately 724.65 hours for litigation (and the bulk of the trial preparation) that spanned from April 2009 to August 2009. The Liebler firm then reduced the amounts billed by $3,900, and Homer Bonner appropriately reduced their amounts billed by 15% to account for the approximately one month of overlapping work during the

---

[1] On January 1, 2008, Mr. Liebler's hourly rate increased from $250 to $285 and Mr. Drury's hourly rate increased from $200 to $225.

transition between the two firms. Moreover, Mr. Jacobs in his affidavit states that he has reviewed the record in this case and opines that the number of hours spent on this litigation is reasonable. Again, Plaintiffs have not submitted any affidavits, nor have they attempted to rebut this testimony in any way. The Court has reviewed the detailed billing statements submitted (DE #286-2, 286-3), as well as the affidavit of Peter W. Homer (DE #285-1). Of course, the Court is also familiar with this case, noting that it involved protracted litigation, complex legal issues, extensive discovery, and numerous trial exhibits. Thus, the Court concludes that the number of hours claimed by BoA's attorneys is reasonable. The Court has also considered the factors set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3 (1983) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] This analysis lends further support to BoA's claim for attorneys' fees. The attorneys for BoA achieved excellent results, as they prevailed on all of the legal and equitable claims against BoA, succeeded in getting the injunction vacated, and saved BoA from paying over $6 million in damages, plus punitive damages. Accordingly, the Court finds that BoA is entitled to attorneys' fees in the amount of $269,978.50 for the work of Liebler, Gonzalez, & Portuondo, P.A., and $180.989.44 for the work of Homer Bonner, P.A., for a total of $450,967.94 in attorneys fees.

### IV.     Costs and Expenses Claimed by BoA

In an ordinary case, the prevailing party is only entitled to limited costs of litigation, as

---

[2] The 12 factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

7

provided in 28 U.S.C. § 1920.[3] However, BoA claims that it is also entitled to litigation expenses pursuant to Florida Statute 675.111(5), which provides: "Reasonable attorney's fees *and other expenses of litigation* must be awarded to the prevailing party in an action in which a remedy is sought under this chapter." (emphasis added). Comment 6 to this provision clarifies that "'[e]xpenses of litigation' is intended to be broader than 'costs.' For example, expense of litigation would include travel expenses of witnesses, fees for expert witnesses, and expenses associated with taking depositions." BoA has also attached the affidavit of Peter W. Homer (DE #286-1), detailing the costs and expenses of litigation (totaling $18,175.09), and stating that all claimed expenses were necessarily and reasonably incurred. Plaintiffs have not attached any affidavits to rebut this, and offer no argument as to why BoA is not entitled to these expenses of litigation under section 657.111(5). Accordingly, the Court finds that BoA is entitled to all expenses of litigation, which is broader than the limited costs as provided in 28 U.S.C. § 1920. Moreover, the Court has reviewed the description of the costs and expenses and finds that they were necessarily and reasonably incurred. Therefore, BoA is entitled to an award of costs in the amount of $18,175.09, for a total award including both fees and costs of $469,143.03.

V. **ABC's Motion for Judgment on the Injunction Bond**

The Agricultural Bank of China (ABC), the second defendant in this case, has moved for

---

[3] "A judge or clerk of any court of the United States may tax as costs the following:
   (1) Fees of the clerk and marshal;
   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
   (3) Fees and disbursements for printing and witnesses;
   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
   (5) Docket fees under section 1923 of this title;
   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 USCS § 1920.

a judgment on the injunction bond, arguing that it is entitled to the $150,000 that Plaintiffs have posted with the Court registry. Neither Plaintiffs nor BoA have responded to this motion. After reviewing the terms of the injunction bond and other pertinent portions of the record, the Court determines that ABC is entitled to the proceeds of the injunction bond. The Preliminary Injunction stated that it was conditioned upon the payment of a $150,000 bond "for the payment of such costs and damages as may be incurred or suffered by any party who was found to be wrongfully enjoined." (DE #67). Although BoA was ultimately the party who was wrongfully enjoined, BoA did not oppose the issuance of the preliminary injunction. (DE #71). As evidenced by the transcript of the July 17, 2007 hearing, ABC opposed the injunction (because ABC was the party to whom BoA was being enjoined from making a payment under the letter of credit) and specifically asked for the Plaintiffs to post an injunction bond to cover the interest on the approximately $6 million that ABC was owed under the terms of the letter of credit. Thus, ABC was damaged by the issuance of the injunction, and has lost interest on the $6 million at a rate of not less than 5% per year for at least two years, for a total lost interest of over $600,000. Thus, ABC is entitled to the proceeds of the posted injunction bond of $150,000.

## VI. Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. BoA's Motion for Award of Attorneys' Fees, Costs, and Expenses (DE #285) is hereby **GRANTED.** BoA is hereby awarded **$469,143.03** in attorneys' fees, costs, and expenses, for which sum let execution issue. This amount **SHALL NOT** be satisfied with funds from the posted injunction bond.

2. ABC's Motion for Judgment on Injunction Bond (DE #293) is hereby

9

**GRANTED.** The Clerk of Court shall disburse to ABC the **$150,000** injunction bond that was posted by Plaintiffs in this action.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 16th day of December, 2009.

*James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:**
**Clerk of Court**

**Counsel for Plaintiff**
Michael T. Moore
Moore & Company
355 Alhambra Circle
Suite 1100
Coral Gables, FL 33134
786-221-0600
Fax: 786-221-0601
Email: mmoore@moore-and-co.net
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Scott Andrew Wagner
Moore & Company
355 Alhambra Circle
Suite 1100
Coral Gables, FL 33114
786-221-0600
Fax: 786-221-0601
Email: swagner@moore-and-co.net
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Clay Michael Naughton
Moore & Company
355 Alhambra Circle
Suite 1100

Coral Gables, FL 33134
786-221-0600
Fax: 786-221-0601
Email: cnaughton@moore-and-co.net
ATTORNEY TO BE NOTICED

**Counsel for Defendants**
Gregory J. Trask
Homer Bonner, P.A.
1441 Brickell Avenue
Four Seasons Tower, Suite 1200
Miami, FL 33131
305-350-5100
Fax: 305-372-2738
Email: gtrask@homerbonnerlaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Peter W. Homer
Homer & Bonner
1441 Brickell Avenue
Four Seasons Tower Suite 1200
Miami, FL 33131
305-350-5100
Fax: 372-2738
Email: phomer@homerbonnerlaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Adam Matthew Shonson
Homer Bonner, P.A.
1441 Brickell Avenue
Miami, FL 33131
305-350-5100
Fax: 372-2738
Email: ashonson@homerbonnerlaw.com
ATTORNEY TO BE NOTICED

Glenn Michael Rissman
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
200 East Las Olas Boulevard
21st Floor (PH-A)
Fort Lauderdale, FL 33301
954-462-9500
Fax: 954-462-9567
Email: grissman@stearnsweaver.com

Jaclyn Dana Goldstein
Hodgson Russ
1801 N Military Trail
Suite 200
Boca Raton, FL 33431
561-394-0500
Fax: 210-0806
Email: jgoldstein@hodgsonruss.com

Jacqueline Meyer
Hodgson Russ LLP
60 E 42nd Street
New York, NY 10165
212-661-3535
Email: jmeyer@hodgsonruss.com
ATTORNEY TO BE NOTICED

Mark A. Harmon
Hodgson Russ LLP
60 E 42nd Street
New York, NY 10165
212-661-3535
Email: mharmon@hodgsonruss.com
ATTORNEY TO BE NOTICED

Meredith James Gussin
Assouline & Berlowe, P.A.
3250 Mary Street
Suite 308
Miami, FL 33133
305-567-5576
Fax: 305-567-9343
Email: mgussin@assoulineberlowe.com
ATTORNEY TO BE NOTICED

S. Robert Schrager
Hodgson Russ LLP
60 E 42nd Street
New York, NY 10165
212-661-3535
Email: rschrage@hodgsonruss.com
ATTORNEY TO BE NOTICED